E-filing
ORIGINAL

LAWRENCE K. ROCKWELL, #72410
ERIC DONEY, #76260
JULIE E. HOFER, #152185
ANDREW S. MACKAY, #197074
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
300 Lakeside Drive, Suite 1900
Oakland, California 94612-3570
Telephone:    (510) 451-0544
Facsimile:     (510) 832-1486
Email: julie@donahue.com

Attorneys for Plaintiff
AUTODESK, INC.

FILED
JUN 17 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SCENARIO DESIGN, INC., a California corporation; and PAUL BUCKLEY, an individual;<br><br>　　　　　　Defendants. | CASE NO. C09-02689 PVT<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Autodesk, Inc. ("Autodesk"), for its complaint against Defendants Scenario Design, Inc. and Paul Buckley (collectively "Defendants") states and alleges as follows:

### JURISDICTION AND VENUE

### PARTIES

1. Autodesk is a Delaware corporation with its principal place of business in San Rafael, California.

2. On information and belief, Scenario Design, Inc. ("Scenario Design") is a California corporation, with its principal place of business in Los Angeles, California.

3. On information and belief, Autodesk is informed and believes and thereon alleges that Paul Buckley: (a) is an individual whose place of residence is in California; (b) at all times relevant hereto was and is an officer, shareholder, director, and/or agent of Scenario Design and otherwise controls Scenario Design; and (c) personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint and derived financial benefit from that conduct.

4. Autodesk is informed and believes and thereon alleges that each of the Defendants was the agent, employee, and/or alter-ego of each of the other remaining Defendants and, at all times relevant herein, acted within the course and scope of such agency and/or employment.

### JURISDICTION

5. This case contains a claim for relief for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.* The Court has subject matter jurisdiction over the claim relating to copyright infringement pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

6. Autodesk is informed and believes and thereon alleges that Defendants knew, or reasonably should have known, that Autodesk is located in the San Francisco Bay Area, and that Defendants directed and aimed their alleged unauthorized activity at Autodesk, which is located in the Northern District of California. Having purchased software licenses from Autodesk, Autodesk is informed and believes and thereon alleges that Defendants knew, or reasonably should have known, that the brunt of the harm caused by Defendants would be suffered by

-1-

1  Autodesk in the San Francisco Bay Area at Autodesk's principal place of business. The
2  complained of activities caused Autodesk to bear the brunt of the harm in California at its
3  principal place of business in San Rafael, California within this District.

### VENUE

5  7.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and
6  1400(a).

### INTRADISTRICT ASSIGNMENT

8.  Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

### GENERAL ALLEGATIONS

#### The Business of Autodesk

9.  Autodesk is in the business of developing, marketing, and licensing computer software programs recorded on various media, including among others optical disks (hereinafter referred to as "software"), for use on personal computers. Autodesk packages and distributes its software together with associated user instruction manuals (referred to herein as "reference manuals"), end-user license agreements, and other documentation.

10. Autodesk has made and continues to make a substantial investment of time, effort, and expense in the design, development, testing, manufacturing, publishing, and marketing of its computer software products.

11. Autodesk's software products include computer aided design and other design programs, such as Autodesk® Architectural Desktop 2007 software, AutoCAD® Mechanical 2007 software, and Autodesk® 3ds Max® 7 software. These products along with their reference materials are referred to collectively hereinafter as the "Autodesk Products."

12. The Autodesk Products contain a large amount of material wholly original with Autodesk and are copyrightable subject matter under the laws of the United States.

13. At all times herein relevant, Autodesk complied in all respects with the U. S. Copyright Act, 17 U.S.C. §§ 101, *et seq.*, (the "Copyright Act") and secured the exclusive rights and privileges in and to the copyrights in the Autodesk Products. Each of the aforementioned

-2-

works is an original work, copyrightable under the Copyright Act, and has been timely registered in full compliance with the Copyright Act. Autodesk has received Certificates of Registration from the Register of Copyrights for the Autodesk Products, copies of which are attached hereto as Exhibit A.

14. Since the dates of their respective registrations, the Autodesk Products have been published by Autodesk or under its authority. All copies of said items made by Autodesk or under its authority have been published in compliance with the provisions of the Copyright Act. Autodesk has thereby fully maintained the validity of the copyrights in these works.

15. Autodesk has not authorized Defendants to copy, reproduce, or distribute the Autodesk Products.

### The Business and Wrongful Conduct of Defendants

16. Autodesk is informed and believes and thereon alleges that Scenario Design was at all times relevant hereto and is a design development and specialty fabrication firm. Autodesk is informed and believes and thereon alleges that Paul Buckley was at all times relevant hereto and is the President of Scenario Design. On information and belief, Autodesk is informed and believes and thereon alleges that Paul Buckley: (a) is an individual whose place of residence is in California; (b) at all times relevant hereto was and is an officer, shareholder, director, and/or agent of Scenario Design and otherwise controls Scenario Design; and (c) personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint and derived financial benefit from that conduct.

17. Autodesk is informed and believes and thereon alleges that to conduct their said business Defendants engaged in the unauthorized reproduction of the Autodesk Products onto computers located at its premises and have willfully and intentionally engaged in the conduct complained of herein.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

18. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 17 as though fully set forth herein.

-3-

19. Defendants' acts constitute infringement of Autodesk's copyrights in the Autodesk Products in violation of the Copyright Act.

20. Autodesk is informed and believes and thereon alleges that Defendants' reproduction of the Autodesk Products was deliberate, willful, malicious, oppressive, and without regard to Autodesk's proprietary rights.

21. Defendants' copyright infringement has caused, and will continue to cause, Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to, and copyrights in, the Autodesk Products and, further, has damaged Autodesk's business reputation and goodwill, diverted its trade, and caused a loss of profits, all in an amount not yet ascertained.

22. Defendants' copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, Autodesk repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendants' continuing acts, and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, Defendants should be restrained and enjoined pursuant to the Copyright Act.

WHEREFORE, Autodesk prays for relief as hereinafter set forth below.

### SECOND CLAIM FOR RELIEF

### (Circumvention of Copyright Protection)

23. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 17 as though fully set forth herein.

24. Autodesk owns the exclusive rights and privileges in and to the copyrights in the Autodesk Products.

25. The Autodesk Products contain technological measures that effectively control access to them (hereinafter collectively referred to as "Access Control Technology").

26. Autodesk is informed and believes and thereon alleges that to engage in the unauthorized use and reproduction of the Autodesk Products to conduct their business,

-4-

Defendants used without Autodesk's authorization one or more devices and/or products to willfully and intentionally circumvent the Access Control Technology contained in the Autodesk Products.

27. Autodesk is informed and believes and thereon alleges that Defendants circumvented the Access Control Technology without authorization from Autodesk as alleged herein in violation of 17 U.S.C. § 1201(a).

28. Defendants' circumvention of the Access Control Technology in the Autodesk Products has caused, and will continue to cause, Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to, and copyrights in, the Autodesk Products and, further, has damaged Autodesk's business reputation and goodwill, diverted its trade, and caused a loss of profits, all in an amount not yet ascertained.

29. Defendants' circumvention of the Access Control Technology in the Autodesk Products, and the threat of continuing circumvention, has caused, and will continue to cause, Autodesk to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendants' continuing acts, and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, pursuant to the Copyright Act, Defendants should be restrained and enjoined and any device or product in Defendants' custody or control that enabled or was involved in the circumvention should be impounded pursuant to the Copyright Act, 17 U.S.C. § 1203(b).

**PRAYER FOR RELIEF**

WHEREFORE, Autodesk prays for relief as follows:

1. That, upon motion, the Court issue a preliminary injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

   (a) Copying, reproducing, distributing, or using any unauthorized copies of

1 Autodesk's copyrighted products;

      (b)    Using any device or product to circumvent the Access Control Technology in any Autodesk software product;

      (c)    Otherwise infringing any of Autodesk's copyrights;

      (d)    Destroying or otherwise disposing of any hardware, software, CD-ROMs, or documents, including, but not limited to, business records that pertain to the copying, reproduction, distribution, or use of any articles infringing any of Autodesk's copyrights or that pertain to the circumvention of the Access Control Technology in the Autodesk Products;

      (e)    Destroying or otherwise disposing of any copies of infringing materials pertaining to the Autodesk Products; and

      (f)    Destroying any copies of any device or product used or capable of being used by Defendants to circumvent the Access Control Technology in the Autodesk Products;

2. That the Court upon application immediately issue an order impounding all unauthorized copies of the Autodesk Products pursuant to 17 U.S.C. § 503(a) and impounding all devices or products in Defendants' custody or control that enabled or were involved in the circumvention of the Access Control Technology pursuant to the Copyright Act, 17 U.S.C. § 1203(b);

3. That the Court issue a permanent injunction making permanent the orders stated in paragraphs 1(a), (b), and (c) of this Prayer for Relief;

4. That Autodesk be awarded for Defendants' copyright infringement either: (i) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' unlawful infringement of Autodesk's copyrighted products; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Autodesk's election before the entry of a final judgment;

5. That Autodesk be awarded for Defendants' unauthorized circumvention of the Access Control Technology in the Autodesk Products either: (i) actual damages in an amount to be determined at trial, together with the profits attributable to Defendants' circumvention of the Access Control Technology in the Autodesk Products; or (ii) statutory damages for each act of

circumvention in an amount provided by law, as set forth in 17 U.S.C. § 1203(c)(3)(A), at Autodesk's election before the entry of a final judgment;

6. That the Court issue an order requiring Defendants' to file with this Court and serve on Autodesk within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

7. That the Court issue an order upon judgment requiring Defendants to destroy any and all infringing copies of the Autodesk Products;

8. That the Court issue an order upon judgment requiring Defendants to destroy any and all devices and/or products that enabled or were involved in Defendants' unauthorized circumvention of the Access Control Technology in the Autodesk Products;

9. That the Court award Autodesk its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5);

10. That the Court award Autodesk its costs of suit incurred herein; and

11. That the Court grant such other and further relief as it deems just and proper.

Dated: June 17, 2009

DONAHUE GALLAGHER WOODS LLP

By: _____
Julie E. Hofer
Attorneys for Plaintiff
AUTODESK, INC.